## In re VERIZON INTERNET SERVICES, INC.

### Misc. No. 03–804 (HHK/JMF).

United States District Court, District of Columbia.

Aug. 28, 2003.

■

---

James A. Trilling, Jenner & Block, LLC, Washington, DC, for Interested Party.

Richard Stephen Ugelow, Washington College of Law American University, Washington, DC, for Movant.

## ORDER

FACCIOLA, United States Magistrate Judge.

On July 9, 2003, a subpoena was issued to Verizon Internet Services, Inc. by this Court. On August 7, 2003, Recording Industry Association of America ("RIAA") moved to enforce the subpoena. On August 21, 2003, intervenor applicant, Jane Doe ("Doe"), moved for leave to intervene, to stay the motion to enforce, and to expedite the hearing on her motion to stay.

Pursuant to the Local Rules, "[e]ach motion and opposition shall be accompanied by a proposed order." LCvR 7.1(c). In addition, counsel is also obliged to confer with opposing counsel on any nondispositive motions prior to their filing:

> Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. A party shall include in its motion a statement that the required dis-

cussion has occurred, and a statement as to whether the motion is opposed.

LCvR 7.1(m).

I expect counsel to be more familiar with the local rules. Doe's motion to expedite the hearing was not accompanied by a proposed order nor any indication that RIAA was consulted. I further note that time within which RIAA has to oppose Doe's motion to expedite the hearing has not yet expired and Doe did not move to shorten the time within which RIAA had to respond. For these reasons, *Doe's Motion to Expedite Hearing on Jane Doe's Motion to Stay* [# 9] will be **STRICKEN.**

**SO ORDERED.**